FILED

December 6, 2017

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 2:30 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| David Valle Castillo,<br>　　　　Employee,<br>v.<br>The Hotel Group Holdings, LLC,<br>　　　　Employer,<br>And<br>Travelers,<br>　　　　Carrier. | Docket No. 2017-06-0405<br><br>State File No. 15759-2017<br><br>Judge Kenneth M. Switzer |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS
## (ON THE RECORD)

The case came before the Court on December 4, 2017, on David Valle Castillo's request that the Court order The Hotel Group Holdings, LLC, to provide additional medical and temporary benefits in this accepted claim. The present focus is whether Mr. Castillo's current need for surgery relates to the compensable injuries he suffered while working for The Hotel Group. Mr. Castillo asked for an on-the-record determination, and The Hotel Group did not object. The Court finds it needs no further information to make a decision and holds Mr. Castillo satisfied his burden of showing his need for surgery relates to his work. Therefore, the Court grants his request for medical benefits but denies his request for temporary benefits at this time.

### History of Claim

Mr. Castillo worked as a dishwasher at the Hilton Hotel. On October 7, 2016, he slipped and fell. The Hotel Group accepted his claim, and Mr. Castillo came under the authorized care of Dr. Edward Mackey.

Mr. Castillo saw Dr. Mackey at least five times over nine months. At the first visit in December 2016, Dr. Mackey recorded a history of two months of back pain after a "significant fall" at work and a "remote history of a lumbar laminectomy." He diagnosed "symptomatic spinal stenosis due to a fall" and assigned light duty. At a February 13,

1

2017 visit, Dr. Mackey noted a laminectomy occurred sixteen years earlier and wrote, "[H]e is not able to work at this point." He recommended a spinal fusion. At a March 1 visit, Dr. Mackey continued to restrict Mr. Castillo from work and again recommended a fusion. He repeated the recommendation on May 2.

According to counsel for The Hotel Group, at some point it "requested an opinion on causation from Dr. Mackey, and he would not provide one." It offered no documentation to verify this assertion. The Hotel Group hired Dr. Tarek Elalayli to perform an independent medical examination. Dr. Elalayli examined him on May 10 and concluded that Mr. Castillo:

> [C]learly has a history of pre-existing degenerative disease of his lower back and history of previous surgery. I do not believe that he suffered an acute anatomic change. That being said, he does have severe stenosis at L4-5. This has remained symptomatic since he fell at work about 7 months ago.

In response to a letter from the carrier, Dr. Elalayli wrote that Mr. Castillo's work was "<50% related to injury." Afterward, The Hotel Group denied further medical benefits, but it did not file a notice of denial.

Mr. Castillo's counsel wrote Dr. Mackey a causation letter on August 4 that mentioned the fall at work and the previous surgery. The letter explained that a compensable injury in Tennessee must arise "primarily out of and in the course and scope of employment . . . shown by a preponderance of the evidence that the employment contributed more than (51%) in causing the injury, considering all causes."[1] He further wrote, "Considering the legal standard, your examination and treatment of this patient, and his medical records, can you state within a reasonable degree of medical certainty that Mr. David Valle Castillo's diagnosis and need for ongoing medical care arose out of the employment?" Dr. Mackey checked "yes."

### Findings of Fact and Conclusions of Law

At an expedited hearing, Mr. Castillo must come forward with sufficient evidence from which the Court can determine he is "likely to prevail at a hearing on the merits." *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). To satisfy this burden, he must show he suffered an "injury by accident . . . arising primarily out of and in the course and scope of employment, that causes . . . the need for medical treatment." An injury causes the need for medical

---

[1] Causation letters from both parties inadvertently misstate the legal standard. Tennessee Code Annotated section 50-6-102(14)(B) provides that an employee must show by a preponderance of the evidence that the employment contributed "more than fifty percent (50%)" in causing the need for medical treatment.

treatment only if it has been "shown to a reasonable degree of medical certainty" that it contributed more than fifty percent in causing the need for medical treatment, considering all causes. In addition, the opinion of the treating physician selected from a panel is presumed correct on the issue of causation, but this presumption is rebuttable by a preponderance of the evidence. *See generally* Tenn. Code Ann. § 50-6-102(14) (2017).

Here, the causation letter to Dr. Mackey provided a near verbatim definition of causation from the statute and asked Dr. Mackey if Mr. Castillo's injury satisfied that definition. He responded in the affirmative. That response matches Dr. Mackey's December 2016 assessment that Mr. Castillo suffered from "symptomatic spinal stenosis *due to a fall.*" (Emphasis added.)

The Hotel Group asserted that Dr. Mackey refused to offer a causation opinion, so it sought Dr. Elalayli's causation opinion and ultimately denied additional medical benefits based on it. It further argued that, because Dr. Mackey ceased serving as the authorized treating physician at that time, the law no longer presumed his opinion as correct. The Court disagrees. The Hotel Group introduced no evidence that Dr. Mackey refused to provide a causation opinion nor did it file a denial notice. The Hotel Group offered no legal authority that failure to respond to a causation request ends Dr. Mackey's status as the authorized treating physician.

The Hotel Group further argued that, regardless of whether the presumption applies, the Court should afford Dr. Elalayli's opinion more weight. It argued that Dr. Mackey did not give any reasoning for his opinion but just "marked a box on a letter from Plaintiff's counsel." The Court disagrees. Mr. Castillo provided from the outset a history of a fall at work, and Dr. Mackey accepted that incident as the cause of injury. The records also noted that Mr. Castillo underwent a "remote" previous surgery, which Dr. Mackey apparently did not find to be a significant causal factor for his current condition. Moreover, Mr. Castillo saw Dr. Mackey at least five times, while he saw Dr. Elalayli once. "It seems reasonable that the physicians having greater contact with the Plaintiff would have the advantage and opportunity to provide a more in-depth opinion, if not a more accurate one." *Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 677 (Tenn. 1991).

Thus, based on the statutory presumption and the fact of greater contact with Dr. Mackey, the Court holds Mr. Castillo produced sufficient evidence showing he is likely to prevail at a hearing on the merits regarding his entitlement to the recommended surgery.

Mr. Castillo additionally seeks temporary total disability benefits. To be eligible for the requested TTD benefits, Mr. Castillo must show: (1) he became disabled from working due to a compensable injury; (2) there is a causal connection between his injury and his inability to work; and (3) the duration of the period of disability. *See Jones v.*

3

*Crencor,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). On the present record, Mr. Castillo has not met these criteria. Dr. Mackey took Mr. Castillo off work on February 13, but the records are incomplete regarding the duration of his disability. Notwithstanding this ruling, Mr. Castillo may file another hearing request and submit the requisite additional evidence.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Hotel Group shall authorize continued treatment with Dr. Mackey, including the recommended surgery.

2. Mr. Castillo's request for temporary disability benefits is denied at this time.

3. This matter is set for a Scheduling Hearing on **February 5, 2018, at 9:45 a.m. Central. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing.** Failure to call may result in a determination of the issues without your participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED the 6th day of December, 2017.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

4

**APPENDIX**

The Court considered the following documents:

1. Petition for Benefit Determination
2. Defense Counsel's email to mediator
3. Dispute Certification Notice
4. Request for Expedited Hearing and Affidavit
5. Statement of the Employer
6. Certified records, Dr. Elalayli
7. Order
8. Dr. Mackey's medical records
9. Docketing Notice.

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent to the following by these methods of service on this the 6th day of December, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| William Merrell, Employee's Counsel | | | X | bmerrell@hhpfirm.com; lpalacio@hhpfirm.com |
| David Weatherman, Employer's Counsel | | | X | david.weatherman@zurichna.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

5